Russell G. Wheeler (Bar Roll No. 517881)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York  12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnywheeler.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAMUEL GRATTA,

                                   Plaintiff,

     v.                                                              COMPLAINT

TEN BROECK COMMONS, TEN BROECK                Index No.  1:20-cv-1484 (GTS/CFH)
CENTER FOR REHABILITATION AND
NURSING, KINGSTON NH OPERATION LLC,
ANDREA BROWN-BRIGGS, in her individual
capacity, HEATHER PORTER, in her individual
capacity, DEBRA PEREIRA, in her individual
capacity, and KATIE PEREZ, in her individual
capacity,

                                   Defendants.

        Plaintiff Samuel Gratta, by and through his counsel Charny & Wheeler P.C., brings this

Complaint and in support thereof states as follows.

NATURE OF THE ACTION

1.        This is an action for damages and other relief under:  (i) the Americans with

Disabilities Act of 1990 as Amended, 42 U.S.C. § 12101 et seq. (herein the "ADA"), the

Rehabilitation Act of 1973,  29 U.S.C. § 794 et seq. (herein the "Rehabilitation Act") and New

York Human Rights Law, N.Y. Exec. L. § 290 et seq.  (herein the "NYHRL"), based on

Defendants' failure to accommodate Plaintiff's disability, the termination of Plaintiff from

employment and other adverse employment actions taken in discrimination against Plaintiff

because of his disability and/or Defendants' perception that Plaintiff is disabled and/or the record

1

of Plaintiff's disability, and in retaliation against Plaintiff because he advocated on behalf of himself in connection with his disability; (ii) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (herein "Title VII") and the NYHRL based on Defendants' unlawful fostering of a gender-based hostile work environment, the termination of Plaintiff's employment and other adverse employment actions taken against in discrimination against Plaintiff because of his race and/or sex or sexual orientation and in retaliation against Plaintiff because he advocated for himself in connection with his race and sex or sexual orientation and against Defendants' gender and race-based hostile work environment.

<u>JURISDICTION AND VENUE</u>

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. §§ 1331. Plaintiff's claims are brought under 29 U.S.C. § 794 et seq. and 42 U.S.C. §§ 2000e et seq., 12101 et seq. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants' unlawful employment practices were committed in the County of Ulster, State of New York, within the Northern District of New York.

<u>PARTIES</u>

4.      Plaintiff Samuel Gratta (herein "Plaintiff") is a Black, gay male individual formerly employed by Ten Broeck Commons, Ten Broeck Center for Rehabilitation and Nursing and/or Kingston NH Operation LLC (herein collectively Corporate Defendants), residing in Ulster County, New York.

5.      In or about February 2015, Plaintiff began employment with Corporate Defendants as a Licensed Practical Nurse at the rehabilitation facility (herein "Ten Broeck") operated by Corporate Defendants in Lake Katrine, Ulster County, New York.

6.      Plaintiff was at all times qualified for the position held with Corporate Defendants.

7.      Prior to the onset of Defendants' discriminatory and retaliatory conduct as described herein, Plaintiff was by all objective accounts an exemplary employee, without any record of legitimate prior disciplinary complaints or negative evaluations.

8.      At all times relevant herein, defendant Ten Broeck Commons was a for-profit skilled nursing and rehabilitation center located and operating in Lake Katrine, Ulster County, New York.

9.      In or about October 2018, defendant Ten Broeck Commons legally changed its name to "Ten Broeck Center for Rehabilitation and Nursing."

10.      Defendant Ten Broeck Center for Rehabilitation and Nursing is and at all times relevant herein was a for-profit skilled nursing and rehabilitation center located and operating in Lake Katrine, Ulster County, New York.

11.      Defendant Kingston NH Operation LLC (herein "Defendant Kingston NH") is and at all times relevant herein was a New York limited liability corporation having, upon information and belief, a principal place of business located in Lake Katrine, Ulster County, New York.

12.      Defendant Ten Broeck Center for Rehabilitation and Nursing is and at all times relevant herein was the duly-filed assumed name of defendant Kingston NH Operation LLC.

13.      At all times relevant herein, Corporate Defendants conducted business in the State

of New York.

14.     At all times relevant herein, Corporate Defendants received federal funding for the provision of health care services through the receipt of Medicare and Medicaid payments.

15.     At all times relevant herein, defendant Andrea Brown-Briggs (herein "Defendant Brown-Briggs") was employed by Corporate Defendants as Assistant Director of Nursing at Ten Broeck and upon information and belief resides in the State of New York.

16.     At all times relevant herein, Defendant Brown-Briggs was authorized to and in fact undertake tangible employment decisions affecting Plaintiff, including the authority to hire, fire, promote and reassign Plaintiff.  At all times relevant herein, Defendant Brown-Briggs was authorized to and in fact did direct Plaintiff's daily work activities.

17.     At all times relevant herein, Defendant Brown-Briggs acted directly or indirectly in the interest of Corporate Defendants.

18.     At all times relevant herein, defendant Heather Porter (herein "Defendant Brown-Briggs") was employed by Corporate Defendants as Assistant Director of Nursing at Ten Broeck and upon information and belief resides in the State of New York.

19.     At all times relevant herein, Defendant Porter was authorized to and in fact undertake tangible employment decisions affecting Plaintiff, including the authority to hire, fire, promote and reassign Plaintiff.  At all times relevant herein, Defendant Porter was authorized to and in fact did direct Plaintiff's daily work activities.

20.     At all times relevant herein, Defendant Porter acted directly or indirectly in the interest of Corporate Defendants.

21.     At all times relevant herein, defendant Debra Pereira (herein "Defendant Pereira") was employed by Corporate Defendants as Director of Nursing at Ten Broeck and upon

information and belief resides in the State of New York.

22.     At all times relevant herein, Defendant Pereira was authorized to and in fact undertake tangible employment decisions affecting Plaintiff, including the authority to hire, fire, promote and reassign Plaintiff.  At all times relevant herein, Defendant Pereira was authorized to and in fact did direct Plaintiff's daily work activities.

23.     At all times relevant herein, Defendant Pereira  acted directly or indirectly in the interest of Corporate Defendants.

24.     At all times relevant herein, defendant Katie Perez (herein "Defendant Perez") was employed by Corporate Defendants as Administrator at Ten Broeck and upon information and belief resides in the State of New York.

25.     At all times relevant herein, Defendant Perez was authorized to and in fact undertake tangible employment decisions affecting Plaintiff, including the authority to hire, fire, promote and reassign Plaintiff.  At all times relevant herein, Defendant Perez was authorized to and in fact did direct Plaintiff's daily work activities.

26.     At all times relevant herein, Defendant Perez acted directly or indirectly in the interest of Corporate Defendants.

<u>PLAINTIFF'S DISABILITY</u>

27.     At all times relevant herein, Plaintiff was and is a Type I insulin-dependent diabetic.

28.     At all times relevant herein, without regard to the mitigating effects of insulin or other ameliorative measures, Plaintiff's Type-I Diabetes substantially limited one or more major life activities, including but not limited to eating, concentrating, thinking, standing, walking, seeing and breathing, as well as the function of his digestive, endocrine and circulatory systems.

29.     At all times relevant herein, Plaintiff's Type-I Diabetes constituted a disability for purposes of the ADA, the Rehabilitation Act and the NYHRL.

30.     At no time relevant herein did Plaintiff's disability and/or limitations resulting from his disability prevent her from performing the essential functions of the position with Corporate Defendants with reasonable accommodation.

31.     At all times relevant herein, Plaintiff was capable of performing the essential functions of her position with Corporate Defendants with reasonable accommodation.

<u>DEFENDANTS REFUSE TO ACCOMMODATE PLAINTIFF'S DISABILITY</u>

32.     As a Type I insulin-dependent diabetic, Plaintiff is required to self-administer insulin multiple times a day to maintain his blood sugar at an acceptable level, including at all times relevant herein a minimum of three and possibly up to five times per work shift performed on behalf of Corporate Defendants at Ten Broeck.

33.     At all times relevant herein, Corporate Defendants allowed Plaintiff and other Licensed Practical Nurses only three breaks per shift: two paid, 15 minute rest periods and one unpaid, 30 minute lunch break.

34.     Upon commencement of his employment, Plaintiff advised his Unit Manager that he was an insulin-dependent diabetic and that as a result he was required to self-administer insulin during his shift.

35.     In or about December 2018, Plaintiff requested to Defendant Porter that he be permitted to take up to two short breaks in addition to the three provided for by Ten Broek policy in order to self-administer insulin.

36.    Defendant Porter summarily rejected Plaintiff's request without explanation and refused to identify an alternative solution or otherwise engage with Plaintiff a to identify a mutually-acceptable accommodation.

37.    Upon information and belief, at all times relevant herein, Defendants were aware of the fact that Plaintiff was a Type I insulin-dependent diabetic and that in December 2018, he requested that he be permitted to take up to two short breaks in addition to the three provided for by Ten Broek policy in order to self-administer insulin.

<u>DEFENDANTS FOSTER A SEX- AND<br>RACE-BASED HOSTILE WORK ENVIRONMENT</u>

38.    Beginning in or about September 2018, Plaintiff became the subject of race- and sex-based harassment fostered by his colleagues and supervisors and condoned by his supervisors and Corporate Defendants.

39.     In or about September 2018, Defendant Brown-Brigss began routinely making offensive and puerile comments directed to Plaintiff concerning his race and sexual orientation, including by way of example stating to Plaintiff that Ten Broeck needed to "get the ghetto out of the facility" because "I've been screwed over by enough black people" and asking him "are all gays sissies?"

40.    Defendant Brown-Briggs made the aforementioned comments to Plaintiff in the presence of other coworkers, some of whom thereafter advised Plaintiff that on previous occasions they had heard Defendant Brown-Briggs make similar comments disparaging Black and gay individuals.

41.    After Defendant Brown-Briggs made the aforementioned comments to Plaintiff, Plaintiff attempted to complain to Defendant Perez.  Plaintiff sent text messages to Defendant Perez asking to talk to her and advising that he felt as if he was being attacked by one of his

coworkers.  Defendant Perez never responded or, upon information and belief, took any action whatsoever in response.

42.     In December 2018, Plaintiff discovered a note on the windshield of his car while it was parked on Corporate Defendants' property.  The note was written on Ten Broeck Commons letterhead and read, "Youre [sic] gone Nigger.  Bye Bye  you stupid faggot."

43.     Plaintiff reasonably found the foregoing statements by Defendant Briggs-Brown and the note left on his windshield, individually and collectively, threatening and humiliating to the point that they interfered with his ability to perform his job duties.

44.     After finding the threatening note on his car windshield, Plaintiff advised Defendant Brown-Briggs that he needed to discuss a personnel matter with Defendant Periera. Because she was his immediate supervisor, Plaintiff was required to address his request first to Defendant Brown-Briggs.

45.      A day or two later, Plaintiff met with Defendant Pereira and informed her of the note that he found on his car windshield and its contents.  Defendant Pereira stated that she was going on vacation and would "deal with it" after her return.

46.     Defendant Brown-Briggs thereafter joined the meeting.

<u>DEFENDANTS TERMINATE PLAINTIFF'S EMPLOYMENT</u>

47.     On or about December 26, 2018, several days after Plaintiff complained to Defendant Pereira about the threatening note left on his car windshield and less than one month after Plaintiff requested to Defendant Porter that Corporate Defendants provide him an accommodation for his Type I Diabetes, Defendant Brown-Briggs falsely accused  Plaintiff of stealing drugs from the medication room on one of Ten Broeck's units.

48.     On or about January 2, 2019, Defendants Briggs and Pereira suspended Plaintiff from employment because of the purported theft of medication and forced him to submit to a drug screen, promising him that if he passed, he would be reinstated to employment with full back pay.

49.     Plaintiff underwent the drug screen as requested and passed.

50.     Nevertheless, Defendants Perez and Pereira elected to terminate Plaintiff's employment.

51.     On or about January 4, 2019, Defendants Perez and Pereira informed Plaintiff of the termination of his employment with Corporate Defendants for the stated reason of allegedly stealing a patient's hearing aids and taking unauthorized breaks.

52.     Upon information and belief, the unauthorized breaks that served as one of the purported bases for Plaintiff's termination included breaks taken by Plaintiff for the purpose of administering his insulin after Defendants refused to provide him reasonable accommodation of disability as described in the foregoing paragraphs.

53.     Prior to informing Plaintiff of the purported basis for his termination, Defendants never accused Plaintiff of engaging in such conduct.

54.     Apart from taking breaks to administer insulin, Plaintiff never engaged in the behavior that was the purported basis of his termination by Defendants.

<u>EEOC AUTHORIZATION TO FILE</u>

55.     On or about October 22, 2019, Plaintiff filed a charge against Defendants Ten Broeck Commons and Ten Broeck Center for Rehabilitation and Nursing with the Equal Employment Opportunity Commission (EEOC) asserting claims of failure to accommodate, discrimination and retaliation under the ADA and claims of a gender-based hostile work

environment, discrimination and retaliation under Title VII, as amended, based upon the

foregoing (herein "the EEOC Charge").

56.     On or about September 4, 2020, the EEOC issued Plaintiff with a Notice of Right

to Sue.

57.     Plaintiff brings this action within ninety (90) days of the EEOC's issuance of

Notice of Right to sue.

58.     Upon information and belief, Defendant Kingston NH received adequate notice of

the EEOC Charge.

59.     Upon information and belief, Defendant Kingston NH was given the opportunity

to participate in EEOC mediation proceedings aimed at voluntary compliance with respect to the

EEOC Charge.

60.     Upon information and belief, Defendant Kingston NH did in fact participate in

EEOC mediation proceedings aimed at voluntary compliance with respect to the EEOC Charge.

61.     Upon information and belief, under all circumstances relevant hereto, the interests

of Defendant Kingston NH are so similar to those of the other two Corporate Defendants herein,

that it would have been unnecessary to include Defendant Kingston NH in the EEOC

proceedings for the purpose of obtaining voluntary mediation and compliance with respect to the

EEOC Charge.

62.     Upon information and belief, Defendant Kingston NH was not absent from the

EEOC proceedings with respect to the EEOC Charge and, to the extent that Defendant Kingston

NH was absent from those proceedings, such absence did not result in actual prejudice to it.

63.     Through its participation in EEOC proceedings with respect to the EEOC Charge,

Defendant Kingston NH represented to Plaintiff that its relationship with him was to be through

the other two Corporate Defendants herein.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>
(ADA - Failure to Accommodate - Corporate Defendants)

64.     Plaintiff repeats and reiterates each and every allegation in the preceding

paragraphs as if set forth fully herein.

65.     By undertaking the foregoing, Corporate Defendants failed to provide Plaintiff a

reasonable accommodation of disability and subjected him to adverse employment actions,

including suspending and terminating his employment as a result.

66.     In so acting, Corporate Defendants violated the Americans with Disabilities Act

of 1990, 42 U.S.C. § 12101 <u>et seq.</u>

67.     By undertaking the foregoing, Corporate Defendants have acted with malice or

reckless indifference to Plaintiff's federally-protected rights.

68.     As a proximate result of Corporate Defendants having failed to provide Plaintiff

with a reasonable accommodation of disability, Plaintiff has suffered and continues to suffer

substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other

employment benefits and mental anguish and emotional distress in an amount to be proved at

trial.

<u>AS AND FOR A SECOND CAUSE OF ACTION</u>
(ADA - Discrimination - Corporate Defendants)

69.     Plaintiff repeats and reiterates each and every allegation in the preceding

paragraphs as if set forth fully herein.

70.     By undertaking the foregoing, Corporate Defendants discriminated against

Plaintiff by subjecting him to adverse employment actions, including suspending and terminating

his employment, because of his disability, the record of such disability and/or Corporate

Defendants' perception that Plaintiff is disabled.

71.     In so acting, Corporate Defendants violated the Americans with Disabilities Act

of 1990, 42 U.S.C. § 12101 et seq.

72.     By undertaking the foregoing, Corporate Defendants have acted with malice or

reckless indifference to Plaintiff's federally-protected rights.

73.     As a proximate result of Corporate Defendants having discriminated against

Plaintiff on the basis of his disability, Plaintiff has suffered and continues to suffer substantial

losses, including the loss of past earnings, the loss of future earnings, the loss of other

employment benefits and mental anguish and emotional distress in an amount to be proved at

trial.

## AS AND FOR A THIRD CAUSE OF ACTION
(ADA - Retaliation - Corporate Defendants)

74.     Plaintiff repeats and reiterates each and every allegation in the preceding

paragraphs as if set forth fully herein.

75.     By undertaking the foregoing, Corporate Defendants retaliated against Plaintiff by

subjecting him to adverse employment actions, including suspending and terminating his

employment, because of Plaintiff engaged in a protected activity, such activity including

Plaintiff's request for a reasonable accommodation of disability.

76.     In so acting, Corporate Defendants violated the Americans with Disabilities Act

of 1990, 42 U.S.C. § 12101 et seq.

77.     By undertaking the foregoing, Corporate Defendants have acted with malice or

reckless indifference to Plaintiff's federally-protected rights.

78.     As a proximate result of Defendants having retaliated against Plaintiff in connection with his disability, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

<u>AS AND FOR A FOURTH CAUSE OF ACTION</u>
(Rehabilitation Act - Failure to Accommodate - Corporate Defendants)

79.     Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

80.     By undertaking the foregoing, Corporate Defendants failed to provide Plaintiff a reasonable accommodation of disability and subjected him to adverse employment actions, including suspending and terminating his employment as a result.

81.     At the time that they failed to provide Plaintiff a reasonable accommodation of disability, Corporate Defendants were recipients of federal funds.

82.     In so acting, Corporate Defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 794 <u>et seq</u>.

83.     By undertaking the foregoing, Corporate Defendants have acted with malice or reckless indifference to Plaintiff's federally-protected rights.

84.     As a proximate result of Corporate Defendants having failed to provide Plaintiff with a reasonable accommodation of disability, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Rehabilitation Act - Discrimination - Corporate Defendants)

85.     Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

86.     By undertaking the foregoing, Corporate Defendants discriminated against Plaintiff by subjecting him to adverse employment actions, including suspending and terminating his employment, because of his disability, the record of such disability and/or Corporate Defendants' perception that Plaintiff is disabled.

87.     At the time that they discriminated against Plaintiff on the basis of his disability, Corporate Defendants were recipients of federal funds.

88.     In so acting, Corporate Defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.

89.     By undertaking the foregoing, Corporate Defendants have acted with malice or reckless indifference to Plaintiff's federally-protected rights.

90.     As a proximate result of Corporate Defendants having discriminated against Plaintiff on the basis of his disability, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Rehabilitation Act - Retaliation - Corporate Defendants)

91.     Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

14

92.     By undertaking the foregoing, Corporate Defendants retaliated against Plaintiff by subjecting him to adverse employment actions, including suspending and terminating his employment, because of Plaintiff engaged in a protected activity, such activity including Plaintiff's request for a reasonable accommodation of disability.

93.     At the time that they retaliated against Plaintiff in connection with his disability, Corporate Defendants were recipients of federal funds.

94.     In so acting, Corporate Defendants violated the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq.

95.     By undertaking the foregoing, Corporate Defendants have acted with malice or reckless indifference to Plaintiff's federally-protected rights.

96.     As a proximate result of Defendants having retaliated against Plaintiff in connection with his disability, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(NYHRL - Failure to Accommodate - All Defendants)

97.     Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

98.     By undertaking the foregoing, Corporate Defendants failed to provide Plaintiff a reasonable accommodation of disability and subjected him to adverse employment actions, including suspending and terminating his employment as a result.

99.     Defendants Brown-Briggs, Porter, Pereira and Perez aided and abetted Corporate Defendants' failure to accommodate Plaintiff's disability.

100.     In so acting, Defendants violated New York Executive Law §§ 292 and 296 et

seq.

101.     As a proximate result of Defendants having failed to provide Plaintiff a

reasonable accommodation of disability, Plaintiff has suffered and continues to suffer substantial

losses, including the loss of past earnings, the loss of future earnings, the loss of other

employment benefits and mental anguish and emotional distress in an amount to be proved at

trial.

AS AND FOR AN EIGHTH CAUSE OF ACTION
(NYHRL - Disability Discrimination)
(Corporate Defendants, Defendants Brown-Briggs, Pereira and Perez)

102.     Plaintiff repeats and reiterates each and every allegation in the preceding

paragraphs as if set forth fully herein.

103.     By undertaking the foregoing, Corporate Defendants discriminated against

Plaintiff by subjecting him to adverse employment actions, including suspending and terminating

his employment, because of his disability, the record of such disability and/or Corporate

Defendants' perception that Plaintiff is disabled.

104.     Defendants Brown-Briggs, Pereira and Perez aided and abetted such

discrimination by Corporate Defendants.

105.     In so acting, such Defendants violated New York Executive Law §§ 292 and 296

et seq.

106.     As a proximate result of such Defendants having discriminated against Plaintiff in

connection with his disability, Plaintiff has suffered and continues to suffer substantial losses,

including the loss of past earnings, the loss of future earnings, the loss of other employment

benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A NINTH CAUSE OF ACTION
(NYHRL - Disability Retaliation)

(Corporate Defendants, Defendants Brown-Briggs, Pereira and Perez)

107.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

108.    By undertaking the foregoing, Corporate Defendants retaliated against Plaintiff by subjecting him to adverse employment actions, including suspending and terminating his employment, because of Plaintiff engaged in a protected activity, such activity including Plaintiff's request for a reasonable accommodation of disability.

109.    Defendants Brown-Briggs, Pereira and Perez aided and abetted such retaliation by Corporate Defendants.

110.    In so acting, Defendants violated New York Executive Law §§ 292 and 296 et seq.

111.    As a proximate result of Defendants having retaliated against Plaintiff in connection with his disability, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A TENTH CAUSE OF ACTION
(Title VII - Race- and Sex-Based Hostile Work Environment - Corporate Defendants)

112.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

113.    By undertaking the foregoing, Corporate Defendants subjected Plaintiff to a race- and sex-based hostile work environment.

114.    In so acting, Corporate Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

115.    By undertaking the foregoing, Corporate Defendants have acted with malice or reckless indifference to Plaintiff's federally-protected rights.

116.    As a proximate result of Corporate Defendants having subjected Plaintiff to a race- and sex-based hostile work environment, Plaintiff has suffered and continues to suffer substantial losses, including mental anguish and emotional distress in an amount to be proved at trial.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Title VII - Race Discrimination - Corporate Defendants)

117.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

118.    By undertaking the foregoing, Corporate Defendants discriminated against Plaintiff by subjecting him to adverse employment actions, including suspending and terminating his employment, on the basis of his race.

119.    In so acting, Corporate Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

120.    By undertaking the foregoing, Corporate Defendants have acted with malice or reckless indifference to Plaintiff's federally-protected rights.

121.    As a proximate result of Corporate Defendants having discriminated against Plaintiff on the basis of his race, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Title VII - Sex Discrimination - Corporate Defendants)

122.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

123.    By undertaking the foregoing, Corporate Defendants discriminated against Plaintiff by subjecting him to adverse employment actions, including suspending and terminating his employment, on the basis of his sex.

124.    In so acting, Corporate Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

125.    By undertaking the foregoing, Corporate Defendants have acted with malice or reckless indifference to Plaintiff's federally-protected rights.

126.    As a proximate result of Corporate Defendants having discriminated against Plaintiff on the basis of his sex, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Title VII - Retaliation - Corporate Defendants)

127.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

128.    By undertaking the foregoing, Corporate Defendants retaliated against Plaintiff by subjecting him to adverse employment actions, including suspending and terminating his employment, because he opposed a practice prohibited by Title VII, including by complaining that he had been subjected to a race- and sex-based hostile work environment.

129.    In so acting, Corporate Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

130.    By undertaking the foregoing, Corporate Defendants have acted with malice or reckless indifference to Plaintiff's federally-protected rights.

131.    As a proximate result of Corporate Defendants having retaliated against Plaintiff, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A FOURTEENTH CAUSE OF ACTION
(NYHRL - Race- and Sexual Orientation-Based Hostile Work Environment)
(Corporate Defendants, Defendants Brown-Briggs, Pereira and Perez)

132.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

133.    By undertaking the foregoing, Corporate Defendants subjected Plaintiff to a race- and sexual orientation-based hostile work environment.

134.    Defendants Brown-Briggs, Pereira and Perez aided and abetted such conduct by Corporate Defendants.

135.    In so acting, Defendants violated New York Executive Law §§ 292 and 296 et seq.

136.    As a proximate result of Defendants having subjected Plaintiff to a race and sexual orientation-based hostile work environment, Plaintiff has suffered and continues to suffer substantial losses, including mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A FIFTEENTH CAUSE OF ACTION
(NYHRL - Race Discrimination)
(Corporate Defendants, Defendants Brown-Briggs, Pereira and Perez)

137.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

138.    By undertaking the foregoing, Corporate Defendants discriminated against Plaintiff on the basis of his race by subjecting him to adverse employment actions, including suspending and terminating his employment, on the basis of his race.

139.    Defendants Brown-Briggs, Pereira and Perez aided and abetted such discrimination by Corporate Defendants.

140.    In so acting, Defendants violated New York Executive Law §§ 292 and 296 et seq.

141.    As a proximate result of Defendants having discriminated against him on the basis of his race, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A SIXTEENTH CAUSE OF ACTION
(NYHRL - Sexual Orientation Discrimination)
(Corporate Defendants, Defendants Brown-Briggs, Pereira and Perez)

142.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

143.    By undertaking the foregoing, Corporate Defendants discriminated against Plaintiff on the basis of his sexual orientation by subjecting him to adverse employment actions, including suspending and terminating his employment, on the basis of his sexual orientation.

144.    Defendants Brown-Briggs, Pereira and Perez aided and abetted such discrimination by Corporate Defendants.

145.    In so acting, Defendants violated New York Executive Law §§ 292 and 296 et seq.

146.    As a proximate result of Defendants having discriminated against him on the basis of his sexual orientation, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(NYHRL - Race and Sexual Orientation Retaliation)
(Corporate Defendants, Defendants Brown-Briggs, Pereira and Perez)

147.    Plaintiff repeats and reiterates each and every allegation in the preceding paragraphs as if set forth fully herein.

148.    By undertaking the foregoing, Corporate Defendants retaliated against Plaintiff by subjecting him to adverse employment actions, including suspending and terminating his employment, because he opposed a practice prohibited by the NYHRL, including by complaining that he had been subjected to a race- and sexual orientation-based hostile work environment.

149.    Defendants Brown-Briggs, Pereira and Perez aided and abetted such discrimination by Corporate Defendants.

150.    In so acting, Defendants violated New York Executive Law §§ 292 and 296 et seq.

151.    As a proximate result of Defendants having retaliated against him, Plaintiff has suffered and continues to suffer substantial losses, including the loss of past earnings, the loss of

future earnings, the loss of other employment benefits and mental anguish and emotional distress in an amount to be proved at trial.

JURY TRIAL DEMAND

152.    Plaintiff requests a jury trial in this matter.

WHEREFORE, Plaintiff requests judgment:

i.    Granting him actual damages in an amount to be determined at trial for lost wages and benefits, including an award of front pay;

ii.    Granting him compensatory damages in an amount to be determined at trial for the emotional distress suffered as a direct result of Defendants' discriminatory and retaliatory actions;

iii.    Granting him punitive damages under the Americans with Disabilities Act of 1990 against Corporate Defendants for their intentional and bad faith violations of the Americans with Disabilities Act of 1990;

iv.    Granting him punitive damages under the Rehabilitation Act of 1973 against Corporate Defendants for their intentional and bad faith violations of the Rehabilitation Act of 1973;

v.    Granting him punitive damages under Title VII of the Civil Rights Act of 1964 against Corporate Defendants for their intentional and bad faith violations of Title VII of the Civil Rights Act of 1964;

vi.    Granting him costs, pre and post judgment interest, and reasonable attorney's fees and costs and

vii.    Granting him such other and further relief as seems just and proper to the Court.

Dated: Rhinebeck, New York
        December 3, 2020

                                    /s Russell G. Wheeler
                                    Russell G. Wheeler (Bar Roll No. 517881)
                                    Charny & Wheeler P.C.
                                    9 West Market Street
                                    Rhinebeck, New York  12572
                                    Tel - (845) 876-7500
                                    Fax - (845) 876-7501
                                    rwheeler@charnywheeler.com

                                    Attorneys for Plaintiff Samuel Gratta